1
2
3
4                          UNITED STATES DISTRICT COURT
5                              DISTRICT OF NEVADA
6                                    * * *
7   BRADLEY J. BUSBIN,                        Case No. 2:20-CV-1299 JCM
8                          Plaintiff(s),                    ORDER
9          v.
10  SHOTGUN CREEK INVESTMENTS,
    LLC, et al.,
11
12                         Defendant(s).
13
14         Presently before the court is appellant Bradley J. Busbin ("Busbin"), Trustee of The
15  Gonzales Charitable Remainder Unitrust One's ("Busbin") appeal of the bankruptcy court's
16  order granting partial summary judgment.  (ECF Nos. 1 (notice of appeal); 18 (opening brief)).
17  Appellees Shotgun Creek Investments, LLC, Shotgun Creek Las Vegas, LLC, Shotgun
18  Investments Nevada, LLC (collectively the "Shotgun entities"), and the Northern Trust
19  Company, LLC ("Northern Trust") (together with the Shotgun entities, the "lenders") filed a
20  response (ECF No. 44), to which Busbin replied (ECF No. 45).
21         Busbin appeals the bankruptcy court's grant of partial summary judgment as to count
22  one of his adversary complaint, in which he sought declaratory judgment that his interest in
23  the bankruptcy estate property was superior to the deeds of trust.  Busbin contends that the
24  bankruptcy court erred in holding that issue preclusion foreclosed his claim.
25         This court has jurisdiction over an appeal from an order of a bankruptcy court under
26  28 U.S.C. § 158.  The court reviews a bankruptcy court's conclusions of law, including its
27  interpretation of the bankruptcy code, on a *de novo* basis.  *In re Rains*, 428 F.3d 893, 900
28

James C. Mahan
U.S. District Judge

1    (9th Cir. 2005); *In re Maunakea*, 448 B.R. 252, 258 (D. Haw. 2011).  Findings of fact are

2    reviewed for clear error.  *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009).

3           The instant action arises from the jointly administered bankruptcy cases of Desert

4    Land, LLC and Desert Oasis Apartments, LLC (collectively "the debtors").  (ECF No. 1).

5    Busbin is a judgment creditor in both cases.

6           The debtors owned what the parties and bankruptcy court refer to as "Parcel A,"

7    which is real property located along Las Vegas Boulevard, across from Mandalay Bay.  (ECF

8    No. 18 at 13).  Busbin's predecessor in interest, Tom Gonzales ("Gonzales"), originally

9    loaned the sum of $41.5 million to debtors, which loan was secured by a deed of trust against

10   Parcel A.  Busbin reconveyed his deed of trust under Chapter 11 bankruptcy proceedings to

11   debtors in exchange for ownership in other real properties and—most important and relevant

12   to this appeal—a "Parcel A Transfer Fee" of $10 million in the event Parcel A was sold or

13   transferred.  (*Id.*).  The crux of this appeal is the priority of the transfer fee against the deeds

14   of trust on Parcel A.

15          As further background, between 2011 and 2017, the debtors obtained numerous loans

16   from appellees Shotgun entities and Northern Trust, using Parcel A as collateral.[1]  (ECF No.

17   44 at 21).  In light of these additional loans secured by Parcel A, Busbin filed numerous

18   lawsuits[2] in the bankruptcy court, this district court, and the Ninth Circuit to clarify the

19   nature of his interest in Parcel A.

20          In 2018, a different judge in this district entered a money judgment for Busbin in the

21   amount of $13,177,708.33—representing his $10 million transfer fee plus interest—in his

22

23

24   _____

25          [1] Per the settlement agreement as confirmed by the Bankruptcy Appellate Panel of the
     Ninth Circuit ("the bankruptcy settlement agreement").

26

27          [2] This issue was litigated in an April 21, 2003, bankruptcy confirmation order; again in a
     Ninth Circuit Bankruptcy Appellate Panel decision on March 31, 2004; in a December 9, 2011,
28   order in a related 2011 lawsuit in this district, which the Ninth Circuit affirmed; in another
     related 2015 lawsuit in this district; and finally in a March 27, 2018, order in a related lawsuit in
     this district.

James C. Mahan
U.S. District Judge

1    breach of contract suit against the debtors,[3] but the court rejected Busbin's request for

2    equitable relief by way of reprioritization and subordination of the lenders' liens on Parcel A.

3    (ECF No. 18 at 21–22).

4         Ultimately, the debtors' Chapter 11 trustee sold Parcel A at an auction sale on June 5,

5    2020, for $15,600,000, which was insufficient to pay the claims of Busbin and the lenders,

6    along with the remaining creditors.  (ECF No. 1 at 39).

7         The parties do not dispute that Busbin's transfer fee is not a lien or preemptive

8    property right since that issue was already litigated and resolved by the Ninth Circuit.  (ECF

9    No. 18 at 18).  The question before this court is whether a court of proper jurisdiction has

10   already decided the issue of the priority status of Busbin's interest in Parcel A, therefore

11   barring it from being litigated again.  The bankruptcy court determined that a 2011 case in

12   this district and the Ninth Circuit appeal that followed had already decided the issue, while

13   Busbin asserts that the contention surrounding *priority* of payments is distinct from previous

14   relevant court decisions.  (*Id.* at 35).

15        Determining the applicability of issue preclusion (or collateral estoppel) "is a mixed

16   question of law and fact in which the legal issues predominate," *Oyeniran v. Holder*, 672

17   F.3d 800, 806 (9th Cir. 2012); therefore, the court reviews this issue *de novo.*  Upon *de novo*

18   review, the court finds that the bankruptcy court did not err in applying issue preclusion to

19   bar Busbin's claim as to count 1.

20        Judge Jones in his 2011 district court opinion previously held that Busbin's transfer

21   fee contained within the bankruptcy settlement agreement did not create a lien—including an

22   equitable lien—and thus refused to subordinate the lenders' liens to Busbin's interest.  (ECF

23   No. 18 at 17).  The court clarified that Busbin "simply has, potentially, an immediate claim

24   to $10 million under the confirmation order due to the transfer of Parcel A."   (*Id.*).

25   Affirming Judge Jones's 2011 decision, the Ninth Circuit further held that Busbin's interest

26   was neither a lien nor a preemptive property right on Parcel A since "the [settlement]

27
_____

28        [3] For violating the financing limit of the bankruptcy settlement agreement—to wit, the
     debtors borrowed beyond the $25 million limit contained within the agreement.

1    agreement contain[ed] no language suggesting that the transfer fee was anything but a **right**
2    **to receive a certain sum of money in the event of a Parcel A transfer**."  (*Id.*) (emphasis
3    added).

4          Though it reviews *de novo*, this court agrees with bankruptcy Judge Spraker that
5    Busbin's argument "slices the issues too thin."  By previously holding that Busbin's interest
6    was not elevated to the status of a lien, the prior courts of proper jurisdiction held his interest
7    to be junior to the lenders' deeds of trust.

8          It is evident from these prior decisions that Busbin's interest has been determined to
9    be an unsecured right to payment contingent upon a future act under the bankruptcy
10   settlement agreement.  In other words, the issue underlying Busbin's claim on this appeal is
11   identical to prior proceedings; was actually litigated and decided in prior proceedings; was
12   given a full and fair opportunity to be litigated; and was necessary to decide the merits in
13   prior proceedings.[4]  *Janjua v. Neufeld*, 933 F. 3d 1061, 1065 (9th Cir. 2019).

14         Therefore, this issue cannot be re-litigated.[5]  *See Dodd v. Hood River Cty.*, 59 F.3d
15   852, 863 (9th Cir.1995) ("Under collateral estoppel, once a court has decided an issue of fact
16   or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit
17   on a different cause of action involving a party to the first case.").
18   . . .
19

20         [4] And Busbin's subsequent money judgment received in 2018 from Judge Jones in this
21   district, based on his transfer fee interest in Parcel A, does not alter this court's analysis.  Indeed,
     Judge Jones held in that 2018 decision that "it would be an error of state law to...permit a
22   judgment creditor to advance his lien priority as against [the lenders] beyond what would
     normally be permitted under Chapter 21 [of Nevada Revised Statutes]."  (ECF No. 1 at 17).
23   **Thus, Busbin's many attempts over the years to elevate his interest into a priority payment**
     **above the liens on Parcel A have been consistently rebuffed by numerous courts and cannot**
24   **be re-litigated again now.**

25         This does not leave Busbin without a potential remedy.  As Judge Jones stated after
     entering the money judgment in Busbin's favor: "Plaintiff may then, if he wishes, register that
26   judgment as a lien against any property of Defendants so subject under state law, and state law
     will govern the priority of such a lien."  (*Id.* at 30).  But the issue of priority of Busbin's interest
27   is collaterally estopped in federal court since it has already been decided on numerous occasions.

28         [5] Because this court decides this appeal based on issue preclusion, it need not
     comment on the remaining issues of appeal, which are foreclosed by issue preclusion *ab*
     *initio.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Accordingly,

2         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the bankruptcy

3    court's July 1, 2020, order as to count one of the adversary proceeding (case no. 19-01108-

4    GS), be, and the same hereby is, AFFIRMED.

5         DATED March 18, 2022.

6    _____

7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -